


FILED

Jan 13 2026, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Johnny R. Evans,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

January 13, 2026

Court of Appeals Case No.
25A-CR-1416

Appeal from the Dubois Circuit Court

The Honorable Nathan A. Verkamp, Judge

Trial Court Cause No.
19C01-2308-F5-1025

---

**Opinion by Judge May**
Judges Altice and Foley concur.

**May, Judge.**

[1] Johnny R. Evans appeals his four convictions of Level 5 felony possession of child pornography.[1] Evans argues the State failed to present sufficient evidence to support his convictions. Because the State charged a version of child pornography possession that required the State to demonstrate the images were "obscene" as defined in Indiana Code section 35-49-2-1, and because the definition of "sexual conduct" applicable to the obscenity statute does not include the exhibition of an uncovered chest, *see* Ind. Code § 35-49-1-9, we must reverse two of Evans's convictions. Evans can, however, be convicted for possessing the two images that exhibited the genitals of infant females, and the State presented sufficient evidence to support those convictions. Accordingly, we affirm in part and reverse in part.

## Facts and Procedural History

[2] The National Center for Missing and Exploited Children ("NCMEC") runs a cyber tip line. Internet companies, such as Google, are mandated by federal law to report any child sex abuse material discovered on their servers to NCMEC. NCMEC then distributes those tips to authorities within each state. Indiana's Internet Crimes Against Children ("ICAC") task force is coordinated by the Indiana State Police, which runs a dashboard that forwards the tips to local authorities in the area of Indiana where any crime is believed to have occurred.

---

[1] Ind. Code §§ 35-42-4-4(d)(2) (defining Level 6 felony) & 35-42-4-4(e)(1) (raising offense to Level 5).

[3] On May 28, 2023, Jasper Police Department Detective Joshua Greener, who is an affiliate of Indiana's ICAC task force, received cyber tip number 1628878043 from the ICAC dashboard. Detective Greener opened the tip file, which included a video that had been "uploaded" through Google and was reported to include child sex abuse material. (Tr. Vol. 2 at 64.) Detective Greener opened the video file and "observed a prepubescent child under the age of twelve standing fully clothed and proceeded to remove their clothing from their body and then ultimately exposing their privates." (*Id.* at 66.) The Google tip indicated the user was named "Jay" and it provided two email addresses for Jay, the IP address used to upload the file, a phone number, and the date and time of the upload. (*Id.*) Detective Greener identified the IP address as being affiliated with a Spectrum account, and he obtained a search warrant to request information from Spectrum regarding the IP address. He also obtained a search warrant to request information from Google about the owner of the email addresses. In response to its search warrant, Spectrum reported Evans's name, address, phone number, and email as the contact information for the IP address. Google's response to its search warrant included photos of Evans and his residence, along with bills. The photos of Evans resembled the photo on his driver's license, and the photograph of the residence was taken with location services enabled, which indicated Evans's address. Detective Greener determined what vehicles were registered in Evans's name and drove by the identified address to confirm those vehicles were parked at the expected address. Detective Greener then applied for a search warrant for Evans's address.

[4] On August 18, 2023, police executed the search warrant for Evans's residence. Evans exited his residence to speak to police. Detective Greener explained to Evans why police were there and read Evans his rights. Evans told police where his cell phone was in the house, and he provided the passcode for the phone. Detective Greener then asked if Evans would speak to Detective Greener at the police station, and Evans agreed, so Detective Greener transported Evans to the police station. Other officers remained at Evans's house to conduct the search. They seized nineteen electronic devices,[2] a utility bill in Evans's name, a plant that appeared to be marijuana, a bowl of ground green leafy substance, and a smoking pipe. Police found no evidence that anyone else lived in the house with Evans.

[5] On August 21, 2023, the State charged Evans with one count of Level 5 felony possession of child pornography based on the video upload that began the investigation, one count of Class B misdemeanor possession of marijuana,[3] and one count of Class C misdemeanor possession of paraphernalia.[4]

[6] In January 2024, Evans's electronic devices were transferred to Indiana State Police Sergeant James D. Price for forensic analysis. Sergeant Price found four images on Evans's Motorola cell phone that he identified as "child sexual

---

[2] The electronic devices included one laptop, three cell phones, eight hard drives, three tablets, three micro-SD cards, and a flash drive. (State's Ex. 12.)

[3] Ind. Code § 35-48-4-11(a)(1).

[4] Ind. Code § 35-48-4-8.3(b)(1).

assault material." (Tr. Vol. 2 at 94.) The images contained "underage children in various stages of undress" (*id*. at 96), who were "far less than twelve years old." (*Id*. at 97.) One image depicted the full body of an infant female wearing a white polka dot onesie, with the onesie open below the waist and the child's genitals exposed (Ex. 18); a second image depicted the body of a female infant wearing a dress and bib, with the dress pulled up to her waist and her knees up and legs apart to expose her genitals (Ex. 19); a third image depicted the head and torso of a prepubescent female wearing a white tank top and pulling her shirt down to expose her right chest and nipple, and someone had drawn a black lace mask onto the girl's face (Ex. 20); and a fourth image depicted the head and torso of a prepubescent female who appears to be naked, with a blue towel behind her shoulders and her chest and nipples exposed (Ex. 21). Sergeant Price did not think the images had any "artistic, literary, political, scientific purpose or source of origin[.]" (Tr. Vol. 2 at 97.) The timestamps on the image files indicated they had accessed them between June and August of 2023. Sergeant Price reported this information to Detective Greener.

[7] On July 2, 2024, Evans entered a plea agreement whereby he would receive a five-year suspended sentence for pleading guilty to possession of child pornography based on the video and the State would dismiss the two drug charges. The trial court took the plea under advisement until a sentencing hearing could be held. At the sentencing hearing on September 17, 2024, Evans moved to withdraw his guilty plea. The trial court granted his motion, rejected the guilty plea, and set a jury trial for January 8, 2025.

On October 9, 2024, the State filed a motion to amend the charging information to include seven counts. The amended information included the original three charges and added four counts of Level 5 felony possession of child pornography based on the four photographs that Sergeant Price had found on Evans's cellphone.

Evans waived his right to a jury trial. At the beginning of his bench trial, the State asked the trial court to dismiss the possession of marijuana and possession of paraphernalia charges, which motion the trial court granted. Following the presentation of evidence, the court found Evans not guilty of the video count and convicted Evans of the four counts of possession of child pornography based on the images found on Evans's cellphone. The court ordered a cumulative sentence of six years, and it ordered four of those years suspended to probation. Evans filed a motion to correct error, which the trial court denied.

## Discussion and Decision

Evans appeals to challenge the sufficiency of the State's evidence supporting his convictions. Our standard of review regarding sufficiency of the evidence claims is well-settled:

> Sufficiency-of-the-evidence claims . . . warrant a deferential standard, in which we neither reweigh the evidence nor judge witness credibility. Rather, we consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. We will affirm a conviction if there is substantial evidence of probative value that would lead a

reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt.

*Powell v. State*, 151 N.E.3d 256, 262-63 (Ind. 2020) (internal citations omitted).

[11] Evans was convicted of Level 5 felony possession of child pornography. The charging information indicated Evans was charged under Indiana Code section 35-42-4-4(d)(2)[5] and (e)(1), which provide:

> (d) A person who, with intent to view the image, knowingly or intentionally possesses or accesses an image that depicts or describes sexual conduct:
>
> * * * * *
>
> (2) by a child less than eighteen (18) years of age, or by a person who appears to be a child less than eighteen (18) years of age, if the representation of the image is obscene (as described in IC 35-49-2-1);
>
> * * * * *

---

[5] The heading of the information indicates Evans is being charged with the four counts at issue under "I.C. 35-42-4-4(d)(1)[.]" (Appellant's App. Vol. 2 at 103.) Subsection 35-42-4-4(d)(1) criminalizes possessing or accessing an image that depicts sexual conduct "by a child who the person knows is less than eighteen (18) years of age[.]" However, the information's textual description for each charge explained the images depicted sexual conduct "by a child less than eighteen (18) years of age, or a by a person who appears to be a child less than eighteen (18) years of age and the representation of the image was obscene (as described in Indiana Code § 35-49-2-1[.]" (Appellant's App. Vol. 2 at 103, 104.) This textual description tracks the language in Subsection 35-42-4-4(d)(2). Because of the variance between the heading and the text description, the State addresses whether its evidence met the elements of Section 35-42-4-4(d)(2). (*See* Appellee's Br. at 9.) We accordingly do the same.

commits possession of child sex abuse material, a Level 6 felony .
. . .

(e) However, the offense of possession of child sex abuse material described in subsection (d) is a Level 5 felony if:

(1) the sexual conduct, matter, performance, or incident depicts or describes a child who the person knows is less than eighteen (18) years of age, or who appears to be less than eighteen (18) years of age, who:

(F) is less than twelve (12) years of age[.]

The term "sexual conduct" in that statute defining possession of child pornography means, as relevant herein:

(C) exhibition of the:

(i) uncovered genitals; or

(ii) female breast with less than a fully opaque covering of any part of the nipple;

intended to satisfy or arouse the sexual desires of any person[.]

Ind. Code § 35-42-4-4(a)(5)(C).

[12]  Evans first argues the State failed to prove any of the four images met the statutory definition for obscenity found in Indiana Code section 35-49-2-1. (Appellant's Br. at 19.)  Indiana law defines material as obscene if:

(1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;

(2) the matter or performance depicts or describes in a patently offensive way, sexual conduct; and

(3) the matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Ind. Code § 35-49-2-1.

[13] The State claims all four pictures meet the definition of obscenity because "sexual conduct" for the second element of obscenity has the same meaning as "sexual conduct" in the possession of child pornography statute, but the State is wrong. For purposes of the child pornography statute, "sexual conduct" includes uncovered genitals and uncovered female nipples. *See* Ind. Code § 35-42-4-4(a)(5)(C). For purposes of the obscenity statute, however, which is found in Article 49 of Title 35 of the Indiana Code, "sexual conduct" does not include the uncovered nipples of females. *See* Ind. Code § 35-49-1-9[6] (defining sexual

---

[6] Indiana Code section 35-49-1-9 defines "Sexual conduct" as:

(1) sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5);

(2) exhibition of the uncovered genitals in the context of masturbation or other sexual activity;

(3) exhibition of the uncovered genitals of a person under sixteen (16) years of age;

(4) sado-masochistic abuse; or

(5) sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) with an animal.

conduct); *and see* Ind. Code § 35-49-1-1 ("The definitions in this chapter apply throughout this article.").  As a result, the two pictures possessed by Evans that exhibited nipples on children alleged to be female cannot meet the definition of "sexual conduct" for the obscenity statute and, therefore, cannot be obscene, as required for Evans's conviction for possession of those two pictures.  *See* Ind Code § 35-42-4-4(d)(2) ("if the representation of the image is obscene (as described in IC 35-49-2-1)").  We accordingly reverse Evans's convictions of Level 5 felony possession of child pornography for the two counts involving images that exhibited bare chests of children who appear to be female.

[14]  The other two images for which Evans was convicted included the exhibition of the genitals of female infants.  The definition of "sexual conduct" for the obscenity statute includes "exhibition of the uncovered genitals of a person under sixteen (16) years of age[.]"  Ind. Code § 35-49-1-9.  Thus, the State could prove these images were obscene as described in Section 35-49-2-1, and we turn to Evans's other arguments regarding the sufficiency of the State's evidence.

[15]  Evans argues the State failed to present any evidence of the first two elements of the obscenity statute – "the average person, applying contemporary community standards," would say the dominant theme of the image "appeals to the prurient interest in sex;" and the image depicts sexual conduct "in a patently offensive way[.]"  Ind. Code § 35-49-2-1.  However, when proving whether a matter is obscene, "the State need not present any evidence regarding community standards.  Rather the obscenity determination may be based on the [fact-finder]'s viewing of the allegedly offensive matter alone."  *Lewis v. State*,

726 N.E.2d 836, 841 (Ind. Ct. App. 2000) (internal citation omitted), *trans. denied*. The images at issue were presented to the trial court, and, having seen the images, we cannot say the trial court clearly erred when it determined the images were patently offensive and appealed to the prurient interest in sex.

[16] Evans next argues the State failed to prove the images of infant genitals met the definition of "sexual conduct" for the possession of pornography statute. That statute defines sexual conduct as including uncovered genitals if "intended to satisfy or arouse the sexual desires of any person[.]" Ind. Code § 35-42-4-4(a)(5)(C). Evans alleges "the State has failed to prove beyond a reasonable doubt that the images [were] intended to satisfy or arouse the sexual desires of any person." (Appellant's Br. at 21.) Evans believes the State failed on this proof because "there is nothing sexually suggestive within the photographs." (*Id.*) We cannot agree.

[17] One of the pictures is of an infant whose knees are up and her legs are spread to expose her genitals. The child's head is not depicted in the picture, and the image is taken from the angle of the child's feet to directly display the genitals. The image was found on Evans's cell phone – not in a medical textbook or any other even minimally justifiable context – along with other pictures of minor girls in various states of undress, including a photo at issue herein that could not qualify as "obscene" under Indiana Code section 35-49-2-1 but was clearly intended to be sexually provocative. We cannot say the trial court committed clear error when it determined the two images of infant genitals were intended to arouse or satisfy the sexual desires of someone like Evans. Therefore, we

affirm Evans's two convictions of Level 5 felony possession of child pornography based on his possession of two images displaying the genitals of infants.

## Conclusion

[18] Because the two images of uncovered prepubescent chests could not meet the definition of "sexual conduct" for the obscenity statute, the State could not prove the images were obscene, as required for conviction of possession of child pornography under Indiana Code section 35-42-4-4(d)(2), and we must reverse those convictions. However, the State presented sufficient evidence to allow the trial court to determine the photographs of infant genitals were obscene and intended to arouse or satisfy someone like Evans, and we therefore affirm Evans's other two convictions of Level 5 felony possession of child pornography.

[19] Affirmed in part and reversed in part.

Altice, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Bernadette A. Kovacs
Rahman Law Office
Ferdinand, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Kelly A. Loy
Section Chief, Criminal Appeals
Indianapolis, Indiana